# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRENDA ROGERS, | \* | |
| *as administrator of the estate of* | \* | |
| *Lucille Abshire, deceased,* | \* | |
| | \* | No. 22-1659V |
| | \* | |
| Petitioner, | \* | |
| | \* | Special Master Christian J. Moran |
| v. | \* | |
| | \* | Filed: March 3, 2026 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Jonathan Joseph Svitak</u>, Shannon Law Group, P.C., Woodridge, IL, for Petitioner;
<u>Mark Kim Hellie</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

### **<u>UNPUBLISHED DECISION</u>**[1]

On February 17, 2026, the parties filed a joint stipulation concerning the
petition for compensation filed originally by Lucille Abshire on November 8,
2022.  Ms. Abshire alleged that the influenza ("flu") vaccine she received on
October 9, 2020, which is contained in the Vaccine Injury Table (the "Table"), 42
C.F.R. §100.3(a), caused her to suffer a shoulder injury related to vaccine
administration ("SIRVA"), or was the cause-in-fact of her right shoulder injury.
Petitioner represents that there has been no prior award or settlement of a civil
action for damages on Ms. Abshire's behalf as a result of her condition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case,
it must be made publicly accessible and will be posted on the United States Court of Federal
Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal
Management and Promotion of Electronic Government Services). This means the Decision will
be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the
parties have 14 days to identify and move to redact medical or other information, the disclosure
of which would constitute an unwarranted invasion of privacy. Any changes will appear in the
document posted on the website.

Respondent denies that Ms. Abshire sustained a Table SIRVA injury, and further denies that the flu vaccine caused Ms. Abshire's alleged right shoulder injury or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $20,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

BRENDA ROGERS,
as administrator of the estate of
LUCILLE ABSHIRE, deceased,

                Petitioner,

 v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

Case No. 22-1659V (ECF)
SPECIAL MASTER MORAN

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Lucille Abshire ("Ms. Abshire") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. Abshire's receipt of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). The caption was amended to reflect Brenda Rogers ("petitioner") as the petitioner after Ms. Abshire's death.

2.      Ms. Abshire received the flu vaccine on October 9, 2020.

3.      The vaccination was administered within the United States.

4.      Petitioner alleges that Ms. Abshire sustained a right shoulder injury related to vaccine administration ("SIRVA") within the Table time period after receiving the flu vaccine, and alleges that Ms. Abshire experienced the residual effects of this injury for more than six months. Petitioner further alleged that the flu vaccine caused-in-fact Ms. Abshire's right

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC

shoulder injury.  Petitioner does not allege that Ms. Abshire's death is related to receipt of her flu vaccine.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on Ms. Abshire's behalf as a result of Ms. Abshire's alleged injuries.

6.      Respondent denies that Ms. Abshire sustained a Table SIRVA injury, and further denies that the flu vaccine caused Ms. Abshire's alleged right shoulder injury or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $20,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 *et seq.*)), or by entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.    Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Ms. Abshire's estate under the laws of the State of West Virginia.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Ms. Abshire's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Ms. Abshire's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of Ms. Abshire's estate upon submission of written documentation of such appointment to the Secretary.

13.    In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as administrator of the estate of Ms. Abshire, on petitioner's own behalf, and on behalf of Ms. Abshire's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in

3

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC

the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Abshire resulting from, or alleged to have resulted from, the flu vaccination administered on October 9, 2020, as alleged by petitioner in a petition for vaccine compensation filed on or about November 8, 2022, in the United States Court of Federal Claims as file No. 22-1659V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Abshire's alleged right shoulder injury or any other injury or her death, or that Ms. Abshire suffered an injury contained in the Vaccine Injury Table.

4

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC

5

17.    All rights and obligations of petitioner hereunder in her capacity as administrator of the estate of Ms. Abshire shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC

Respectfully submitted,

**PETITIONER:**

*Brenda L Rogers*

Brenda Rogers, as administrator of the
estate of Lucille Abshire, deceased.

**ATTORNEY OF RECORD FOR
PETITIONER:**

JONATHAN J. SVITAK
Shannon Law Group, P.C.
6825 Hobson Valley Dr., Suite 101
Woodridge, IL  60517
jsvitak@shannonlawgroup.com
(312) 578-9501

**AUTHORIED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.
Beach -S

Digitally signed by Jeffrey
S. Beach -S
Date: 2026.01.28 09:31:00
-05'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and
  Services Administration
U.S. Department of Health and
  Human Services
5600 Fishers Lane, 14W-18
Rockville, MD  20857

**ATTONEY OF RECORD FOR
RESPONDENT:**

MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146
mark.hellie@usdoj.gov
(202) 616-4208

Dated: **Feb. 12, 2026**

6

ENV30170118-6448-CABC-7768-ACEF
02/05/2026 18:29 PM UTC