# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRENDA ROGERS, *as administrator of the estate of Lucille Abshire, deceased,* Petitioner, | No. 22-1659V |
| v. | Special Master Christian J. Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Filed: August 28, 2026 |

Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner; Gabrielle Manganiello Fielding, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner's motion for final attorneys' fees and costs. She is awarded **$36,783.13**.

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I. Procedural History

Ms. Abshire originally filed a petition for compensation, wherein she alleged that the influenza ("flu") vaccine she received on October 9, 2020, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"), or was the cause-in-fact of her right shoulder injury. Petition ("Pet.), filed November 8, 2022. On February 17, 2026, the parties filed a joint stipulation which the undersigned adopted as his decision on March 3, 2026. 2026 WL 852372.

On April 23, 2026, petitioner filed a motion for attorneys' fees and costs ("Fees App.").[2] Petitioner requests attorneys' fees in the amount of $35,577.10, and attorneys' costs in the amount of $1,206.03, for a total request of $36,783.13. Fees App. at 3. Additionally, counsel represents that petitioner did not personally incur costs related to the prosecution of this case. Fees App. at 4. On May 7, 2026, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Response at 2. Respondent adds, however that "he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

## II. Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

[2] In future motions, Mr. Svitak is requested to present his MyCase time entries in chronological order starting with the earliest. See Exhibit 19 (starting chronological entries with the most recent).

rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel, for Mr. Jonathan Svitak: $310.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $380.00 per hour for work performed in 2023, $410.00 per hour for work performed in 2024, $450.00 per hour for work performed in 2025, and $495.00 per hour for work performed in 2026; for Mr. Patrick Anderson: $315.00 per hour for work performed in 2022; and for Ms. Elizabeth Hess: $425.00 per hour for work performed in 2023. See Fees App. Ex. 19. Petitioner also requests between $172.00-$228.00 per hour for paralegal work performed from 2021-2026. See id. The hourly rates requested by Mr. Svitak, Mr. Anderson, Ms. Hess, and the supporting paralegals for all time billed through 2026 are reasonable and consistent with our prior determinations and shall be awarded. See, e.g., Miller v. Sec'y of Health & Hum. Servs., No. 21-0570V, 2023 WL 6973048, at *2 (Fed. Cl. Sept. 22, 2023); Johnson v. Sec'y of Health & Hum. Servs., No. 21-1424V, 2024 WL 3026658, at *2 (Fed. Cl. May 15, 2024); and Schara v. Sec'y of Health & Hum. Servs., No. 24-0541V, 2026 WL 1230587, at *1 (Fed. Cl. Mar. 26, 2026).

B. Reasonable Number of Hours

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of **$35,577.10**.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,206.03 in attorneys' costs. See Fees App. Ex. 20. These costs are comprised of acquiring medical records and the Court's filing fee. The undersigned has reviewed all of the costs and finds them to be reasonable. Respondent did not object to the costs sought. Accordingly, the attorneys' costs shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs in the amount of **$1,206.03**.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$36,783.13** (representing $35,577.10 in attorneys' fees and $1,206.03 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.